NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ABDUL AZIZ, | : | |
|---|---|---|
| | : | Civil Action No. 16-5872 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

**CECCHI, District Judge.**

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by Petitioner Abdul Aziz. Respondent has filed an answer, (ECF No. 21), and Petitioner has filed a reply, (ECF No. 23). For the reasons stated below, the Court denies the Petition.

Petitioner is a pretrial detainee who is in state custody during the pendency of his criminal prosecution. The Petition primarily asserts that the bail set by the state court in his criminal proceeding was excessive and, by implication, the Court also construed the Petition as raising a Sixth Amendment speedy trial claim, as prolonged pretrial detention is closely related to speedy trial issues. Petitioner repeatedly alleges that the state refused "to provide any Bail hearings, reductions, or Release on own Recognizance" in violation of his constitutional rights, (ECF No. 1 at 2), but without any factual support to explain his claim. Petitioner asks the Court to order his immediate release. (*Id.* at 3.)

With regard to the speedy trial claim, in the answer, Respondent argues that this claim must be denied because Petitioner did not exhaust state-court remedies. In *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973), the Supreme Court held that a pretrial detainee's habeas challenge based on a violation of his Sixth Amendment speedy trial right musts still be exhausted

1

in state court, even though his criminal proceeding has yet to conclude. Here, Respondent asserts that Petitioner never once made a speedy trial demand in state court, let alone exhaust state-court remedies for such a challenge. (ECF No. 21 at 10-11.) In his reply, Petitioner did not address this claim, essentially conceding the failure to exhaust. Understandably, this claim was one construed by the Court on its own accord in the interest of justice, but now having the benefit of the record before it, the Court is satisfied that there is no cognizable speedy trial claim in the instant matter, so any such claim is denied.

With regard to the excessive bail claim, the hallmark of such a claim is whether the state court acted arbitrarily in setting bail. *See U.S. ex rel. Savitz v. Gallagher*, 800 F. Supp. 228, 231 (E.D. Pa. 1992). In deciding whether the state court acted arbitrarily, the Court must be mindful of the deference it must accord to the state court, and can reverse a bail decision "only if it is way off the mark to conclude that a certain amount of bond is within the constitutional standard[.]" *Id.* (citation omitted). This is consistent with the deference this Court must afford a state court decision on a § 2254 habeas petition—habeas relief is only warranted when there is no possibility fairminded jurists could agree with the state court's decision. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Here, as summarized above, Petitioner provides no factual allegations to support his claim. While he alleges in the Petition that his bail has never been reviewed, Respondent asserts that Petitioner has received not one, but two bail hearings in state court—one on July 13, 2011, the other on November 18, 2016. (ECF No. 21 at 8.) Petitioner disputes that he received a bail hearing on July 31, 2011, but admits that he did receive the November 18, 2016 hearing.[1] (ECF No. 23 at

---

[1] As this is a habeas petition, the Court is only concerned with the validity of Petitioner's current confinement. To the extent there may have been any constitutional defects during the first hearing,

2

2.) Nevertheless, Petitioner asserts that the bail set at the second hearing was still unconstitutional because the hearing was not held on the trial court's own volition, but instead in response to an order by the appellate court, and the bail was excessive due to a misleading representation made by the prosecution to the trial court. (*Id.*) The Court fails to see why, if the trial court held a bail hearing on its own volition, or in response to an order from a higher court, it would have any relevance to the constitutional question. Moreover, Petitioner does not explain (1) why the bail amount was excessive,[2] (2) what misleading representation was made to the trial court, (3) why the representation was misleading, or (4) how the representation materially affected the bail decision. Without adequate factual support, it is impossible for the Court to determine whether the trial court acted so arbitrarily as to be unconstitutional. As such, Petitioner has not satisfied his burden of establishing entitlement to relief, and this claim is denied. In the interest of justice, Petitioner is afforded one last chance to amend the Petition in order to perfect his excessive bail claim; failure to state a plausible claim will result in the dismissal of this claim, and the Petition, *with prejudice*.[3]

Date: May 25, 2018

_____
Claire C. Cecchi
United States District Judge

---

as long as Petitioner received a constitutionally adequate second hearing, his current confinement would be lawful. *See Craft v. Jones*, 473 F. App'x 843, 845-46 (10th Cir. 2012).

[2] The Court recognizes that the bail amount set by the trial court, one million dollars, is a large sum. But without any explanation why this is excessive, this Court has no factual basis to question the trial court's decision, as Petitioner may have substantial assets to satisfy bail without undue hardship.

[3] The Court further notes that Petitioner may still need to exhaust state-court remedies with regard to his challenge to the second bond decision. To the extent Petitioner's challenge of the second bond decision is based on the same set of facts and law as his first, then his claim would be deemed exhausted. But if the second challenge differs in fact or law, then Petitioner must raise his claim through all levels of the state court anew.